IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  3:11-cv-355 |
| | ) | (Related Case No. 3:08-cr-96) |
| | ) | |
| Plaintiff, | ) | Judge Thomas R. Rose |
| | ) | Magistrate Judge Michael R. Merz |
| v. | ) | |
| | ) | United States' Response in Opposition to |
| KATHLEEN LANCE, | ) | Defendant's Motion under 28 U.S.C. |
| | ) | § 2255 to Vacate, Set Aside, or Correct |
| | ) |  Sentence by a Person in Federal Custody |
| | ) | |
| Defendant. | ) | |

Now comes United States of America, by and through its counsel, John D. Sammon, Assistant United States Attorney for the Northern District of Ohio and Special United States Attorney for the Southern District of Ohio, and hereby responds in opposition to Defendant Kathleen Lance's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons set forth herein, the United States respectfully requests that this Court deny Defendant's motion.

By way of a brief background, on July 9, 2008, a federal grand jury returned a 22-count indictment against Defendant Kathleen Lance.  Ultimately, the defendant waived her right to a jury trial and a bench trial took place in May 2009 before District Judge Thomas M. Rose.  On December 2, 2009, the Court announced its verdict finding the defendant guilty on all 22 counts. On May 24, 2010, the Court sentenced the defendant to a total of 64 months imprisonment.  The Court's verdict was entered on the docket on June 16, 2010, while the judgment was entered two days later.  Lance appealed her both conviction and sentence.

On September 12, 2011, the Sixth Circuit Court of Appeals affirmed the judgment of this Court and its mandate was issued on October 5, 2011. Defendant filed her 2255 motion one week later. On October 14, 2011, Magistrate Judge Michael R. Merz's Report and Recommendations was filed wherein Defendant's Ground Two was to be dismissed and the United States was ordered to file an answer to Grounds One, Three and Four by November 3, 2011.

At the outset it should be noted that, in her 2255 motion, the defendant has continued her well-established pattern of blaming everyone but herself for her criminal conduct. Defendant blames her trial counsel (Ground One), the trial judge (Ground Two), the undersigned prosecutor (Ground Three), and her appellate counsel (Ground Four). It seems that only the court reporter emerged unscathed.

## Ground One

As her first ground, Lance alleges ineffective trial counsel and offers 11 specific points in support. For a defendant to prevail on an ineffective assistance of counsel claim, she must meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In that case the Supreme Court held that an ineffective assistance of counsel claim has two components which a defendant must satisfy. First, a defendant must show that her counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning in the manner guaranteed by the Sixth Amendment. Second, a defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

In attempting to establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at

2

687-88. The performance inquiry must consider the prevailing circumstances at the time of trial and should not be conducted in a vacuum. *Id.* at 688.

Judicial scrutiny of counsel's performance "must be highly deferential." *Id.* at 689. A reviewing court should avoid second guessing counsel and must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Indeed, the Sixth Circuit has recognized the necessity of affording defense counsel wide latitude in making trial decisions. "Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993).

Furthermore, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689 (citations omitted). The reviewing court is obligated to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

First and foremost, Robert M. Jensen, defendant's trial lawyer, did an extremely effective job in all aspects of this case. Mr. Jensen's reputation in the Southern District of Ohio is that he is very competent, intelligent, well-prepared, a zealous advocate for his clients, and an excellent trial lawyer. Being an Assistant U.S. Attorney in the Northern District of Ohio, this was the undersigned counsel's first encounter with Mr. Jensen who more than lived up to that impressive reputation. Considering the overwhelming evidence against the defendant, Mr. Jensen did a remarkable job for his client. Lance was charged with three separate theft and fraud schemes,

3

plus six counts of aggravated identity theft, and these schemes were well-documented with both documentary evidence and witness testimony at trial.  Yet, a review of the trial transcripts clearly reveals how thorough, aggressive and well-prepared Mr. Jensen was in challenging the government's witnesses.

The defendant listed 11 "facts" to support her claim that trial counsel was ineffective. First, Lance states that counsel failed to investigate "recent developments in the law" but she gives no specifics so that "fact" is of no consequence at this point.  Lance also claims her attorney failed to request a continuance.  Lance was indicted in July 2008 and, after a few continuances, the trial finally took place nearly a year later in May 2009.  While the indictment contained 22 counts and included three separate schemes, the case was not complex as evidenced by the fact that the trial, albeit a bench trial, only lasted four days.  There was no need for another continuance.  Second, defendant alleges a failure to raise a double jeopardy issue.  The undersigned counsel is unaware of any such argument that would have been available to the defendant and presumably trial counsel so advised the defendant.  Third, defendant raised the issue that disqualification of Judge Rose should have been sought.  That issue was raised in defendant's Ground Two and this Court has already recommended that Ground Two be dismissed with prejudice.  Fourth, defendant alleges that trial counsel failed "to prevent a conflict of interest (i.e. VocaLink)."  While it is not entirely clear what the defendant means here, it appears to be the same or similar to Ground Two.  Again, this Court recommends dismissal of that claim.

Fifth, Lance alleges that trial counsel should have argued the amount of money embezzled from VocaLink and she further claims that counsel was given evidence to submit.  As noted above, the *Strickland* court held that counsel's trial decisions must be given great

4

deference. *Id.* at 689. The Sixth Circuit echoed that position in *Alexander* by holding that counsel may exercise his professional judgment about certain defenses and evidentiary matters. *Alexander*, 11 F.3d at 1353-54. It should be noted that the evidence presented to support both the fact of defendant's embezzlement from VocaLink and the amount of that embezzlement was overwhelming. Both VocaLink's owner, Amelia Rodriguez, and office manager, Linda Doll, testified to that effect and the government offered voluminous documentary evidence to support each of the approximately 100 instances where the defendant stole money from her employer. (See Government Exhibits 1 through 101 and 212 through 216.)

For her sixth supporting "fact," Lance alleges that her trial attorney failed to require the government to furnish an analysis of computers seized from her residence during the execution of a search warrant. This "fact" is totally false. In response to defense counsel's discovery request, the undersigned counsel provided two brief forensic reports in August 2008. These were the only analyses conducted and no evidence on this issue was presented at trial.

The defendant's seventh and eighth allegations are similar. Defendant claims her trial lawyer failed to "argue payments made to the credit card accounts" and to "submit into evidence Chase statements & letter." Numerous such documents were stipulated to by the parties and entered into evidence, including statements and letters. The undersigned counsel is unaware of any such documents that were not submitted into evidence.

Lance's ninth and tenth allegations can be addressed together as well. Lance claims her attorney failed to submit into evidence police reports concerning government witnesses, Steve Lance and Jenna Harleman, and a complaint about Steve Lance submitted to the Indiana Attorney General's evidence. Such reports clearly would not have been admissible since they were merely unproven allegations. However, Lance's attorney thoroughly and aggressively cross-examined

both of these witnesses about all relevant subjects, including the subject matter contained in those reports. Mr. Jensen's questioning of both witnesses was so fierce that the Court had to caution him on at least two occasions. (See Doc. #45, Page ID's 189-206 and 291-313.)

Finally, the defendant's eleventh allegation against Mr. Jensen is that he mentioned to Judge Rose in chambers that the defendant desired a bench trial because of her prior convictions. It is not clear how the defendant was prejudiced by this. The government had already filed a motion to introduce those convictions under Rule 404(b) so the Court was obviously aware of defendant's criminal history. This is a very common reason for a defendant to waive a jury because it is assumed that a trial judge can disregard a defendant's prior record much better than a juror can. Judge Rose was clearly a very fair and impartial trier of the facts in this case.

Defendant's trial counsel's representation and performance at trial did not fall below the "objective standard of reasonableness" called for in *Strickland. Id.* at 687-88. To the contrary, counsel did an extraordinary job considering the strength of the evidence against his client. Trial counsel did everything possible to ensure that Lance received effective representation and a fair trial. Defendant has failed to show how she was prejudiced. Therefore, Lance's Ground One that her trial counsel was ineffective should be denied.

## Ground Three

For her third ground, the defendant claims prosecutorial misconduct and alleges that the undersigned prosecutor withheld certain evidence from the defense. The defendant cited five "supporting facts" to which the government responds that these examples are neither supporting nor facts. Three Sixth Circuit cases best state the standard for claims of prosecutorial misconduct in the context of federal habeas review. In *Pritchett v. Pitcher,* 117 F.3d 959 (6th Cir. 1997), *cert. denied,* 522 U.S. 1001 (1997), the Court held that prosecutorial misconduct must "likely

(have) had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt," and have permeated the entire trial so as not to be harmless error. Similarly, in *Millender v. Adams,* 376 F.3d 520 (6th Cir. 2004), the Sixth Circuit stated that the federal habeas court must first decide whether alleged misconduct was improper and, if it was, then it must decide whether that misconduct was so flagrant as to constitute denial of due process warranting habeas relief. Finally, in *Gillard v. Mitchell,* 445 F.3d 883 (6th Cir. 2006), the Court held that prosecutorial misconduct must have so infected the trial with unfairness as to make the resulting conviction a denial of due process. Even if the defendant's "supporting facts" were true (and the government will show they are not), she still could not meet this standard.

Defendant's first allegation in this section once again concerns the computer analysis. As stated above, the only computer analysis, which consisted of two brief forensic reports, were provided to defense counsel in August 2008, shortly after the defendant first appeared in Court on this case. So that allegation is simply untrue. In the second example, the defendant cites a letter mailed to the courtroom by an unknown individual. The defendant has not even alleged how she was prejudiced by not receiving this letter, let alone proven it. Like the computer analysis, this letter was neither probative nor exculpatory as to any issue in this case. The undersigned counsel should also mention that Judge Rose did not read this letter and he had no knowledge of its contents.

Lance's next "supporting fact" alleges that the government withheld certain evidence pertaining to the IRS refunds issued to the six tax victims. The defendant has alleged that these refunds were frozen in a Chase bank account. The government introduced all documentary evidence relating to these stolen tax refunds. (See Government Exhibits 103-117.) These exhibits include Chase bank statements and track the flow of those tax refunds. In addition,

7

Treasury Department Special Agent Klaton Knabb testified about these refunds, the accounts into which the original refunds were deposited, and the fact that the IRS had to issue them a second time to these victims because the defendant had stolen the first ones. (See Doc. #45, Page ID's 319-334.) The government withheld nothing from the defendant and she has not even alleged what the significance of these documents would be.

The defendant next claims the government withheld evidence of payments made by the credit card victim, Ms. Nelson. This is the same allegation as #7 above in Ground One. As stated above, the government did not withhold any such evidence but offered all of it into evidence at trial. In fact, most of it was stipulated to by the parties. For her fifth and final "supporting fact," the defendant claims the government withheld evidence about the VocaLink owner being paid and Lance challenges the loss calculation. Once again, the defendant has repeated the same allegation made in item #5 above in Ground One. Once again the government replies that voluminous documentary evidence, along with corroborating witness testimony, was submitted at trial. Such evidence documents and itemizes every instance of the defendant's defalcation from her employer, and shows precisely how the loss amount of $37,087.16 was determined.

Defendant has failed to prove any of her allegations or to show how any of them would have been material in any event. The defendant was convicted on all 22 counts against her based on overwhelming testimonial and documentary evidence. Defendant has failed to meet her burden and Ground Three should be denied.

Ground Four

For her fourth ground, the defendant alleges ineffective counsel on appeal and cites five specific "facts" in an attempt to support this allegation. As with a claim of ineffective assistance

8

of trial counsel, the proper standard for evaluating a claim that appellate counsel was constitutionally ineffective is that enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984). *See also Smith v. Robbins,* 528 U.S. 259, 285 (2000), citing *Smith v. Murray,* 477 U.S. 527, 535-36 (1986). That is, a defendant must first show that her counsel was objectively unreasonable, *see Strickland* at 687-91, in failing to find arguable issues to appeal. If the defendant succeeds in this first prong, then she has the burden of demonstrating prejudice. That is, she must show a reasonable probability that, but for her counsel's unreasonable failure to argue the overlooked issues, she would have prevailed on appeal. *Id.*

With respect to applying this standard, the Supreme Court further held that appellate counsel need not and should not raise every non frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. *Jones v. Barnes,* 463 U.S. 745, 103 S. Ct. 3308 (1983). In *Gray v. Greer,* 800 F.2d. 644, 646 (7th Cir. 1986), the Court stated "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Similarly, the Sixth Circuit held that appellate counsel cannot be ineffective "for a failure to raise an issue that lacks merit." *Willis v. Smith,* 351 F.3d. 741, 745 (6th Cir. 2003), quoting *Greer v. Mitchell,* 264 F.3d. 663, 674 (6th Cir. 2001).

Only one of the five "supporting facts" raised by Lance is even arguably an issue that was not raised by appellate counsel and that issue would have been without merit for the reasons set forth below. Lance's first specific claim is that her appellate counsel's brief did not comply with the Federal Rules of Appellate Procedure. Lance's reference must be to counsel's original brief which included record cites for documents but not for transcripts. Appellate counsel was ordered to submit a corrected brief which he did. Such errors are common and merely clerical,

not substantive. The defendant was not prejudiced in any way by this error. Second, defendant claims her counsel did not seriously consider the issues she has raised in her 2255 motion. The government has responded to every issue raised by the defendant herein. Not one of these issues, individually or collectively, would have changed the outcome of this case on appeal. By challenging sufficiency of the evidence and reasonableness of Lance's sentence, appellate counsel raised the issues that any competent appellate lawyer would have done in that position.

The third "fact" alleged by Lance is that her counsel failed to research developments in the law that favored her. The defendant did not provide any detailed information about what she is referring to or how these developments in the law would have helped her. If her allegation were true, however, this "fact" would warrant a closer look. To support this allegation, Lance simply wrote "i.e. Skilling and Bonilla." Presumably, Lance is referring to the Supreme Court's holding in *Skilling v. United States,* 130 S.Ct. 2896 (2010) that honest services fraud is confined to schemes that involve kickbacks or bribery. While the indictment contained references to the duty of honest services and cited Title 18, United States Code, Section 1346, there was no mention of this theory during the trial. The evidence presented at trial supported the charges of wire fraud for which the defendant was indicted and convicted in Counts 1 through 14. Being a bench trial, there is no chance that the Court was confused.

The defendant's fourth and fifth "facts" are, in truth, her opinions rather than facts. Lance claims that the appeal brief was poorly written and it contained incorrect information. Since the defendant provided no specifics on either point, a meaningful or relevant response is not possible.

As with her trial counsel's representation, the defendant's appellate lawyer's performance did not fall below the *Strickland* standard. Considering the strength of the evidence against his

client, appellate counsel had virtually no chance of changing the outcome. Counsel raised the appropriate issues and his representation was clearly objectively reasonable. Therefore, Ground Four should also be denied.

## Conclusion

Title 28, United States Code, Section 2255(b) states the following:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

All the defendant has done in her motion is to make a number of bare allegations, unsupported by any facts or evidence whatsoever, against her trial lawyer, the trial judge (that ground was dismissed), the prosecutor, and her appellate counsel. A review of the entire record in this case supports a finding by this Court that Lance has not met her burden on any ground, by a preponderance of the evidence, and her motion should be denied without the necessity of an evidentiary hearing. *Bryan v. United States,* 721 F.2d. 572, 577 (6th Cir. 1983) (a hearing is unnecessary where the motion, files and records conclusively show that the prisoner is not entitled to relief); *accord also Green v. United States,* 65 F.3d. 546 (6th Cir. 1995); *Matthews v. United States,* 474 F.2d. 1266, 1269 (6th Cir. 1973) (bald assertion of ineffective assistance of counsel "not, by itself, sufficient to require an evidentiary hearing"). In this regard, the Sixth Circuit has routinely held that "a hearing is unnecessary where, as here, the motion, files and records conclusively show that the prisoner is not entitled to relief." *Bryan,* 721 F.2d at 577. *See also Valentine v. United States*, 488 F.3d. 325, 333 (6th Cir. 2007) (no evidentiary hearing required where "record conclusively shows that the petitioner is entitled to no relief") quoting *Arredondo v. United States,* 178 F.3d. 778, 782 (6th Cir. 1999); *Ross v. United States,* 339 F.3d. 483, 490 (6th Cir. 2003) quoting *Green v. United States*, 65 F.3d. 546 (6th Cir. 1995). Because the

11

defendant has done nothing but make "bald assertions" or bare allegations, she is not entitled to a hearing.

Wherefore, for the foregoing reasons, the government respectfully requests that this Court deny Lance's motion without an evidentiary hearing.

Respectfully submitted,

By:   /s/John D. Sammon
John D. Sammon Reg. No. 0033601
Assistant United States Attorney
801 W. Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3829
Facsimile:  (216) 522-7358
john.sammon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

A copy of the foregoing was sent by regular U.S. Mail to Kathleen Lance, Inmate No. 44786-061, FPC Alderson, Glen Ray Road, Box A, Alderson, West Virginia 24910.

/s/ John D. Sammon
John D. Sammon
Assistant U. S. Attorney